UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>               Plaintiff,<br><br>     v.<br><br>K. LIGNOSKI,<br><br>               Defendant. | 1:17-cv-01460-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENA, WITHOUT PREJUDICE**<br>**(ECF No. 31.)**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF COPY OF RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

William J. Gradford ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's original Complaint, filed on October 30, 2017, against defendant Deputy K. Lignoski ("Defendant") on Plaintiff's claim for mail interference in violation of the Sixth Amendment. (ECF No. 1.) This case is now in the discovery phase pursuant to the court's Discovery and Scheduling Order issued on January 11, 2019. (ECF No. 27.)

On January 31, 2019, Plaintiff filed a request for issuance of a subpoena duces tecum directed to the Stanislaus County Sheriff's Department requesting "IA Documents Complaint of K. Lignoski." (ECF No. 31.)

1

For the reasons set forth below, Plaintiff's request is denied, without prejudice to renewal of the request.

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena duces tecum commanding the production of documents from a non-party, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff, and are not obtainable from Defendant through a request for production of documents. Fed. R. Civ. P. 34. It appears to the court that the documents sought by Plaintiff may be available to Plaintiff through a request for production of documents made to the Defendant. Fed. R. Civ. P. 34. Plaintiff has not demonstrated that he made a request to Defendant for production of these documents, nor has Plaintiff filed a motion to compel Defendant to produce the requested documents.

Should Plaintiff choose to file another request for the issuance of a subpoena duces tecum, Plaintiff must (1) identify with specificity the documents sought and from whom, and (2) make a showing in the request that the records are only obtainable through that third party. Also, documents requested must fall within the scope of discovery allowed in this action.[1]

The time for conducting discovery in this action, including motions to compel, expires on July 11, 2019. Therefore, Plaintiff should proceed as soon as possible with his discovery requests.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the issuance of a subpoena, filed on January 31, 2019, is DENIED, without prejudice to renewal of the request as instructed by this order; and

---

[1] Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

2. The Clerk of Court is directed to send Plaintiff a copy of Rule 34 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

   Dated: **February 8, 2019**            **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE